# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMIE PURNELL, #454-933,  *

Plaintiff  *

v  * Civil Action No. CCB-17-2420

BALTIMORE PRETRIAL COMPLEX  *
   WARDEN KATHLEEN LANDERKIN,[1]
                                                            *

Defendant

\*\*\*

## MEMORANDUM

### I. PROCEDURAL HISTORY

In a complaint filed August 23, 2017, and construed as a civil rights action under 42 U.S.C. § 1983, Jamie Purnell alleged that he was subjected to unconstitutional conditions of confinement while detained at the Baltimore City Detention Center, now known as the Baltimore Pretrial Complex. (ECF No. 1). Purnell, who seeks compensatory damages, was ordered to supplement his complaint to specify those responsible for the allegedly unconstitutional conditions. (ECF No. 5). In his supplement, he named only the Warden of the facility, now identified as Kathleen Landerkin. (ECF Nos. 6, 11). Defendant Landerkin has filed a motion to dismiss, or in the alternative, for summary judgment.[2] (ECF No. 11). That motion, construed as

---

[1] The Clerk shall amend the docket to reflect defendant's proper name and title, as reflected in this caption.

[2] The Baltimore Pretrial Complex is a Maryland state facility operated by the Department of Public Safety and Correctional Services ("DPSCS"). *See* https://www.dpscs.state.md.us/pretrial-detention. Although not clear from the Amended Complaint, the court assumes that Purnell is suing defendant, who was a state employee at the time in question, in her official and individual capacities.

a motion for summary judgment, is unopposed.[3] No hearing is necessary to determine the outcome of this case. *See* Local Rule 105.6 (D. Md. 2016). For reasons noted herein, summary judgment shall be GRANTED in favor of the defendant.

## II. STANDARD OF REVIEW

### Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses

---

[3] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 2, 2018, Purnell was notified that defendant had filed a dispositive motion; that Purnell had seventeen days in which to file written opposition to the motion; and that if Purnell failed to respond, summary judgment could be entered against him without further notice. (ECF No. 12). Purnell has chosen not to respond.

from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

### III. DISCUSSION

It appears that Purnell was a pretrial detainee at the time of his alleged exposure to unconstitutional conditions of confinement. The constitutional protections afforded a pretrial detainee are provided by the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Thus, Purnell's allegations that the JI Building where he was housed had a thin mattress, mold, and hanging wires overhead, too few shared toilets and showers, and contamination from mice, flies and roaches, is actionable under § 1983. Purnell claims these conditions led to his development of asthma and diabetes. Although he submitted grievance forms concerning these conditions, "they did not get back to him."[4] (ECF No. 1, p. 2). He does not dispute defendant's assertion that the only grievance he filed, as identified by the Resident Grievance Office, concerned a problem with receipt of mail, which was dismissed for procedural reasons. (ECF No. 11-2, Kelvin L. Harris Affidavit, ¶ 4; ECF No. 11-3, grievance and response).

Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones."). The statute provides that an action shall not be brought with respect to prison conditions under § 1983 or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. *See* 42

---

[4] If the court were treating the defendant's motion as a motion to dismiss it would of course have to take the Purnell's allegations as true. Since, however, the court is treating the defendant's motion as one for summary judgment Purnell must, in addition to stating a claim, raise a genuine dispute as to the exhaustion of his administrative remedies. *See Germain v. Shearin*, No. 17-7402, slip op. at 6 n.2 (4th Cir. Mar. 12, 2018). He has not done so here.

3

U.S.C. § 1997e(a).

A court may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000)). Exhaustion (1) allows the facility to address complaints about the program it administers before being subjected to suit; (2) reduces litigation to the extent complaints are satisfactorily resolved; and (3) prepares a useful record in the event of litigation. *Jones*, 549 U.S. at 219. Failure to exhaust administrative remedies is an affirmative defense, "thus inmates need not plead exhaustion, nor do they bear the burden of proving it. *Moore*, 517 F.3d at 725. But "a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." *Id.*

This requirement is one of proper exhaustion of available administrative remedies, which means "complet[ing] the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). An administrative remedy is not available if a prisoner, through no fault of her own, was prevented from availing herself of it. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

In *Ross*, the Supreme Court identified three kinds of circumstances in which an administrative remedy is unavailable. 136 S. Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* The third circumstance arises when "prison administrators thwart inmates from taking advantage of a grievance process through

machination, misrepresentation, or intimidation." *Id.* at 1860. None of these circumstances are relevant here.

Defendant asserts an affirmative defense that Purnell did not complete the administrative exhaustion process, which Purnell was given an opportunity to address. He failed to do so.

## IV. CONCLUSION

Purnell has failed to exhaust available administrative remedies, and accordingly cannot bring suit under 42 U.S.C. § 1983.[5] For that reason, a separate order shall be entered granting Defendant's summary judgment motion, dismissing the complaint without prejudice, and closing this case.

3/13/18
Date

Catherine C. Blake
United States District Judge

---

[5] Defendant also argues that she is entitled to qualified immunity, is not a "person" amenable to suit, and cannot be held liable under the doctrine of respondeat superior. (ECF No. 11-1, pp. 8-10). The court need not address the arguments here given disposition of the claim for failure to exhaust administrative remedies.